**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN KEITH SCHWAB,

Plaintiff,

v.

CASE NO. 2:26-CV-10568
HON. JONATHAN J.C. GREY

RANDY REWERTS, et al.,

Defendants.
_________________________________/

**OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, VACATING THE FEE ORDER (ECF No. 11), AND DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL (ECF No. 7) AND TO AMEND THE COMPLAINT (ECF No. 8)**

## I. INTRODUCTION

On February 17, 2026, pro se Plaintiff Brian Keith Schwab ("Schwab"), currently confined at the Macomb Correctional Facility in Lenox Township, Michigan, filed a 203-page 42 U.S.C. § 1983 civil rights complaint concerning his conditions of confinement in prison from 2022 to the present. He names 120 defendants, including Michigan Department of Corrections officials, prison employees, and medical providers. The listed addresses indicate that the events giving rise to Schwab's complaint occurred at: (1) the Carson City Correctional Facility in Carson City, Michigan, (2) the Richard A. Handlon Correctional

Facility in Ionia, Michigan, and (3) the Robert C. Cotton Correctional Facility in Jackson, Michigan.

Schwab raises 11 claims in his complaint. Those claims concern: (1) the exercise of his religious rights, (2) his right to be free from unreasonable searches and seizures, (3) his access to medical and mental health treatment, (4) the failure to protect him from physical and sexual assault, (5) the breach of his private medical information, (6) lack of due process in a disciplinary hearing, (7) gender identity discrimination, (8) disability discrimination, (9) discrimination in general, (10) the failure to adequately treat and respond to is serious medical needs, and (11) retaliation. He seeks injunctive relief and monetary damages.[1] (ECF No. 1.) Schwab also filed a motion for the appointment of counsel, (ECF No. 7), and a motion to amend his complaint to add names of unidentified defendants (ECF No. 8). The Court granted Schwab leave to proceed without prepayment of the filing fee for his action. (ECF No. 11.)

[1] The Court notes that Schwab has not provided copies of his complaint for service on the 120 defendants.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court also has the authority to dismiss a case based upon a plaintiff's failure to comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal of a case for failure "to comply with [the Federal Rules of Civil Procedure] or a court order");

*Abbott v. Rechlin*, No. 2:23-CV-10962-TGB-DRG, 2024 WL 51023, at *5 (E.D. Mich. Jan. 4, 2024).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–556 (citations and footnote omitted).

To state a civil rights claim under § 1983, a plaintiff must allege

that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts indicating that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–336 (1986).

It is well-settled that complaints that are "too long, circuitous, disorganized, confusing, or argumentative may be dismissed" under Rule 8." *Kuot v. Corrections Corp. of America*, No. 1:16-CV-00006, 2018 WL 655158, *1 (M.D. Tenn. Feb. 1, 2018); *see also Hamrick v. United States*, No. CIV.A. 10-857, 2010 WL 3324721, *1 (D.D.C. Aug. 24, 2010) ("courts may dismiss an action sua sponte under Rule 8(a)(2) where the complaint sets forth a meandering, disorganized, prolix narrative or is so verbose, confused and redundant that its true substance, if any, is well disguised") (internal quotations and citations omitted); *City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*, No. 1:10-CV-520, 2011 WL 2650717, *4 (W.D. Mich. July 6, 2011) ("Some courts have even remarked that sheer length,

alone, can justify a Rule 8 dismissal[.]").

Federal courts routinely dismiss complaints that involve numerous defendants, claims, events, locations, and/or time frames because they are unwieldy to review and litigate. *See, e.g., Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (affirming dismissal of "rambling" 119-page complaint); *Solomon v. Washington, et al.*, 2026 WL 1121929, *1-2 (E.D. Mich. Apr. 24, 2026) (dismissing prisoner's 336-page complaint, with additional pleadings totaling 751 pages, against 50 defendants concerning events at multiple locations); *Ryan v. Michigan*, No. 2:20-CV-12502, 2021 WL 5585930, *2-4 (E.D. Mich. Nov. 30, 2021) (dismissing prisoner's 350-page amended complaint against hundreds of prison officials at 12 prisons spanning a 12-year period for failure to comply with Rule 8(a) and failure to state a conspiracy claim); *Falconer v. United States Government,* No. 2:19-CV-10961, 2019 WL 1651314, *2 (E.D. Mich. Apr. 17, 2019) (dismissing 220-page complaint for failure to comply with Rule 8(a)); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting R & R dismissing prisoner complaint for failure to comply with Rule 8(a)(2)); *accord Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing

116-page complaint pursuant to Rule 8(a)(2)); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438–439 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where the "style and prolixity of these pleadings would have made an orderly trial impossible").

Schwab's 203-page complaint against 120 defendants in multiple facilities located in both the Eastern and Western Districts of Michigan, raising 11 claims alleging numerous violations of his rights over a 4-year period fails to comply with Rule 8(a). Schwab fails to present a clear and concise statement of factual and legal allegations of unconstitutional conduct against each defendant. His complaint is difficult, if not impossible, to review and litigate in a timely and orderly fashion.

To be sure, the Court cannot adequately conduct a preliminary screening of the complaint to ascertain the specifics of the claims against each defendant, to decide whether the claims are properly joined in one action (although clearly many of them are not), are timely under the applicable statute of limitations, are properly exhausted, and/or state a claim upon which relief may be granted against each defendant. Schwab's complaint must therefore be dismissed.

## III. CONCLUSION

For the reasons stated, the Court concludes that Schwab's complaint must be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES** the civil rights complaint. This dismissal is without prejudice to Schwab filing a new complaint (or complaints) that comply with Rule 8 and the other Federal Rules of Civil Procedure in the appropriate court(s). Any such complaint(s) will again be subject to the preliminary screening process for such cases. This case is closed and will not be reopened.

**IT IS FURTHER ORDERED** that the Court's prior order granting Schwab leave to proceed without prepayment of the filing fee is **VACATED**. (ECF No. 11.) No fees shall be assessed for this case. If any portion of the filing fee has been paid, the Court **DIRECTS** that the money be refunded to Schwab as soon as practical.

**IT IS FURTHER ORDERED** Schwab's motion for appointment of counsel (ECF No. 7) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** Schwab's motion to amend (ECF No. 8) is **DENIED** as unnecessary, as the proposed amendment is to merely identify named defendants.

Lastly, the Court concludes that an appeal of this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: August 18, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2026

**s/ S. Osorio**
Sandra Osorio
Case Manager